IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JON FEINGERSH PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOUGHTON MIFFLIN HARCOURT PUBLISHING CO. <br><br> Defendant. | CIVIL ACTION <br> NO. 13-2378 |

## OPINION

**Slomsky, J.**  **February 24, 2014**

### I. INTRODUCTION

Plaintiff Jon Feingersh Photography, Inc. ("JFPI") brings this action against Defendant Houghton Mifflin Harcourt Publishing Co. ("HMH") for Defendant's use of certain stock photographs belonging to JFPI. JFPI entered into certain stock photo licensing agreements with HMH, which gave HMH limited licenses to use certain photographs in its educational publications. (Doc. No. 1 at ¶ 16.)

JFPI used a company called Corbis as its agent and provided Corbis with the right to license JFPI's images. Corbis then sold certain licenses to HMH. The Corbis-HMH licensing agreement contains the following language:

> Choice of Law / Jurisdiction / Attorney's Fees: Any dispute regarding this Agreement shall be governed by the laws of the State of New York and Titles 15, 17, and 35 of the U.S.C., as amended, and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, USA, regardless of conflict of laws.

(Doc. No. 1, Ex. 1-2 at 5.)

1

On May 1, 2013, Plaintiff filed the Complaint in this Court asserting two counts: (1) Copyright Infringement (Count I); and (2) Breach of Contract (Count II). (Doc. No. 1 at ¶¶ 34-42.) On June 11, 2013, Defendant moved to dismiss the Complaint, asserting that this case is improperly venued in the United States District Court for the Eastern District of Pennsylvania because the forum selection clause is enforceable. (Doc. No. 9 at 3-4.) In the alternative, Defendant seeks the transfer of this case to a New York court.

Plaintiff argues to the contrary, contending that the copyright infringement claims are not subject to the forum selection clause. Plaintiff asserts that even if the Court determines that the forum selection provisions should be strictly enforced, only transfer of the breach of contract claim is warranted. (Doc. No. 13 at 2.)

For reasons that follow, the Court will direct the Clerk of Court to transfer this case to the United States District Court for the Southern District of New York. Because of the transfer, the Court will withhold ruling on Defendant's Motion to Dismiss.

## II.   BACKGROUND

JFPI is a stock photography agency that licenses photographs for distribution throughout the United States. (Doc. No. 1 at ¶ 2.) HMH is a publishing company that uses photographs in its educational textbooks and other publications. (Id. at ¶ 3.)

JFPI authorized The Stock Market Photo Agency of New York, Inc. ("TSM") and Zefa, two stock photo licensing agencies, to issue limited licenses for use of its images by third parties, in exchange for licensing fees. (Id. at ¶¶ 8, 10.) Corbis subsequently acquired TSM and Zefa, along with the right to license JFPI's images. Pursuant to the licensing agreements, Corbis, as JFPI's agent, sold HMH limited licenses to use copies of certain JFPI photographs in numerous educational publications between 1996 and 2008. (Id. at ¶ 16.) HMH paid Corbis and its predecessors for those licenses, and they in turn paid proportional commissions to JFPI.

2

As noted previously, the Corbis-HMH licensing agreement contains the following language:

> Choice of Law / Jurisdiction / Attorney's Fees: Any dispute regarding this Agreement shall be governed by the laws of the State of New York and Titles 15, 17, and 35 of the U.S.C., as amended, and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, USA, regardless of conflict of laws.

(Doc. No. 1, Ex. 1-2 at 5.)

On May 1, 2013, JFPI initiated the instant action against HMH in connection with its use of 121 of JFPI's photographs. The Complaint contains two counts against HMH: (1) copyright infringement against HMH (Count I); and (2) breach of contract against HMH (Count II). Specifically, JFPI alleges that HMH copied the photographs in numbers exceeding the limited print quantities in the licenses, displayed them online or in digital media without permission, distributed them to geographic areas that were not authorized, and copied them in custom, state-specific language, or in international editions without permission to do so. (Id. at ¶ 20.)

### III.  ANALYSIS

#### A.  Enforceability of Forum Selection Clause

Defendants ask the Court to transfer this matter because venue is improper in the Eastern District of Pennsylvania under the forum selection clause set forth in the Corbis-HMH contracts. While the Court will not dismiss this case, the Court does find that the case should be transferred to the United States District Court for the Southern District of New York.

A district court may transfer a case pursuant to 28 U.S.C. 1404(a), "for the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought or to any district or division to which all parties have consented."

A forum selection clause can be a term of a contract and agreed to by the parties. The clause is valid if there has "been no 'fraud, influence, or overweening bargaining power.'" Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) (quoting Breman v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972)). A valid forum selection clause "is treated as a manifestation of the parties' preferences as to a convenient forum. . . . Thus, while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." Id. A party contesting enforcement of a forum selection provision bears the heavy burden of demonstrating that enforcement would be unreasonable. Bremen, 407 U.S. at 15. To be enforceable, the clause must be "reasonably communicated" to ensure that there is sufficient notice of the contractual condition. Marek v. Marpan Two, Inc., 817 F.2d 242, 245 (3d Cir. 1987).

If a forum selection clause is valid, it is "treated as a manifestation of the parties' preferences as to a convenient forum," and the plaintiff "has the burden of demonstrating why they should not be bound by their contractual choice of forum." Jumara, 55 F.3d at 880. Moreover, the moving party seeking to transfer a case bears the burden of establishing that: (1) venue is proper in the transferee forum; (2) transfer is more convenient for the parties and witnesses; and (3) transfer would be in the interest of justice. Lehr v. Stryker, No. 09-2989, 2010 WL 3069633, at *3 (E.D.Pa. Aug. 4, 2010).

In Jumara, the Court set forth "private interest" and "public interest" factors that a district court ought to consider when deciding whether to transfer a case. 55 F.3d at 879-80. The "private interests" established in Jumara include:

> [P]laintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses but only

4

> to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (internal citations omitted). The "public interests" discussed in Jumara include:

> [T]he enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two fora resulting from the court congestion, the local interests in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (internal citations omitted).

The "private interest" factors weigh in favor of transferring this matter. With respect to the parties' forum preferences, the parties agreed to litigate any dispute in state or federal court in New York in accordance with the contract. Plaintiff's agent, Corbis, agreed to New York as the forum, and Plaintiff is bound by this agreement. In addition, JFPI has its principle place of business in Potomac, Maryland, while HMH has its primary offices in Boston, and the events in this case did not arise primarily in the Eastern District of Pennsylvania. (Doc. No. 1 at ¶¶ 2-3.) Plaintiff has not shown that the Eastern District of Pennsylvania would be any more convenient for the parties than the Southern District of New York. On balance, the "private interest" factors support the transfer of this case to the Southern District of New York.

The "public interest" factors also weigh in favor of transferring this matter. While Plaintiff argues that the copyright claims should remain in the Eastern District of Pennsylvania even if the breach of contract claims are transferred, this would be an inefficient use of judicial resources. The conservation of judicial and party resources dictates consolidating all claims before one court. With respect to the other "public interest" factors, Plaintiff has not established that this Court would be any more familiar with the controversy at issue than a New York court.

It also does not appear to be any more expensive or cumbersome for the parties to litigate in New York than in Pennsylvania.

Furthermore, the facts and claims at issue in this case are similar to two recently decided cases by Judges Berle Schiller and Michael Baylson of the Eastern District of Pennsylvania. See Lefkowitz v. John Wiley & Sons, Inc., No. 13-1662, 2013 WL 4079923 (E.D. Pa. Aug. 13, 2013) (Baylson, J.); Lefkowitz v. McCraw-Hill Cos., No. 13-1661, 2013 WL 3061549 (E.D. Pa. June 19, 2013) (Schiller, J.) In both cases, the matters were transferred to New York. As Judge Baylson stated:

> The Court finds two facts to be worthy of particular emphasis, one which Judge Schiller discussed and one which he did not. First, the forum selection clause specifically envisions that "any dispute regarding this Agreement" includes copyright infringement claims because the clause specifically states that disputes shall be governed by, inter alia, Title 17 of the United States Code (i.e., the title of the Code that governs copyright claims). Second, even if the forum selection clause did not apply to copyright claims, the clause would still apply to this action because Plaintiff alleges a breach of contract claim in addition to his copyright claims. As Judge Schiller noted, Plaintiff "cannot seek to enforce those contract terms beneficial to him while glossing over those that impose requirements he would rather not follow."

John Wiley & Sons, Inc., 2013 WL 4079923 at *1. (citing McGraw-Hill, 2013 WL 2061549 at *4.)

The Court agrees with this ruling, especially since the reasoning would apply equally well to the facts here. The Corbis-HMH contracts specifically provide that any dispute under Titles 15, 17, or 35 of the United States Code shall be governed by the laws of the State of New York. Title 17 codified the Copyright Act, and copyright disputes clearly fall under the purview of this Title. Therefore, the forum selection clause specifically mandates that copyright disputes are subject to New York's jurisdiction. Most importantly, Plaintiff concedes that the forum

6

selection clause applies to 82 of the 121 licenses at issue, the majority of the licenses in controversy. Since New York is the proper forum for the majority of the licenses at issue, judicial efficiency requires that the entire matter be transferred.

## IV.    CONCLUSION

For the forgoing reasons, the case will be transferred to the United States District Court for the Southern District of New York.

selection clause applies to 82 of the 121 licenses at issue, the majority of the licenses in controversy. Since New York is the proper forum for the majority of the licenses at issue, judicial efficiency requires that the entire matter be transferred.

## IV.    CONCLUSION

For the forgoing reasons, the case will be transferred to the United States District Court for the Southern District of New York.